UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rajnikant Shah and Sunita Shah, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. # 2:05-1156-PMD |
| ) | **ORDER** |
| Citi Mortgage, Inc.; and ) | |
| Principal Residential Mortgage, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court upon Plaintiffs Rajnikant Shah and Sunita Shah *pro se* civil action against Defendants Citi Mortgage Inc. and Principal Residential Mortgage.[1] Pursuant to 28 U.S.C. § 636(b)(1), the magistrate judge is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court. The record contains a Report and Recommendation ("R&R") of the United States Magistrate Judge. For the reasons set forth herein, the court denies Plaintiffs' action.

**BACKGROUND**

The action concerns a 1998 mortgage loan that was the subject of a mortgage foreclosure suit instituted by Defendants against Plaintiffs in state court in 2001. Defendants filed suit to foreclose on certain property owned by Plaintiffs. The state court entered a deficiency judgment against Plaintiffs in June 2003. Plaintiffs appealed the judgment, which was then dismissed by the state court of appeals and state supreme court. When the disputed

---

[1] While Plaintiffs have filed a suit against both Citi Mortgage, Inc. and Principal Residential Mortgage, Citi Mortgage, Inc. is the surviving corporation following its merger with Principal Residential Mortgage, Inc. Plaintiffs allege that the disputed actions were done by Defendant Principal Residential Mortgage, Inc. prior to the merger. For the sake of simplicity, the court will refer to the parties as "Defendants" unless noted otherwise.

property was scheduled for sale, Plaintiffs removed the case to this court in *Principal Residential Mortgage, Inc. vs. Rajnikant K. Shah and Sunita Shah*, No. 2:05-1126 on April 15, 2005.

Plaintiffs filed the present action on April 14, 2005, claiming that Defendants' activities violated the Real Estate Settlement Procedures Act ("RESPA"). Similar to their counterclaim in state court, Plaintiffs allege that on December 1, 1999, Defendant Principal Residential wrongfully overpaid county taxes from Plaintiffs' mortgage escrow account. Plaintiffs claim that the overpayment caused a shortage in the account for the ensuing year. Defendant Principal Residential, in the interest of curing the shortage, allegedly applied Plaintiffs' entire October 2003 installment payment to the escrow account, which left the principal and interest for that month unpaid. (Compl. ¶ 7.) Plaintiffs claim that as a result of the misapplication of the October 2003 installment, Defendant Principal Residential wrongfully accused Plaintiffs of not paying the installment and commenced a mortgage foreclosure proceeding against Plaintiffs in the amount of $200,000. Plaintiffs pray judgment against Defendants in the sum of $250,000, which would include the former judgment amount plus $50,000 in costs and expenses that Plaintiffs incurred in the defense of the aforementioned foreclosure proceeding.

## STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636 (b)(1). After a review of the entire record, the R&R, and Petitioner's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the R&R is adopted in whole and incorporated into this Order.

## **ANALYSIS**

As the Magistrate noted, all of Plaintiffs' claims are subject to summary dismissal because, under the *Rooker-Feldman*[2] doctrine, the court is without jurisdiction to consider them. Because Plaintiffs have already unsuccessfully pursued the same claims in a state court foreclosure action, they cannot ask the court to rule differently from the way the state courts ruled.

*Rooker-Feldman* prohibits a federal district court from sitting in appellate review over state court decisions. *See, e.g. American Reliable Ins. Co v. Stillwell*, 336 F. 3d 311, 316 (4th Cir. 2003) ("Under the *Rooker-Feldman* doctrine, a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court."); *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997) (holding that *Rooker-Feldman* applies when the federal action "essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court."). "[J]urisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler*, 129 F.3d at 731. Lower federal courts may not consider "issues actually presented to and decided by a state court." *Id.* (internal quotation marks omitted). *Id.* at 733. "The label attached to the federal court action will rarely, if ever, be important, since a party that is seeking in federal court to readjudicate an issue decided in state court is unlikely to say so." *Friedman's, Inc., v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002).

---

[2] This doctrine arises from the Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923). *See Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 196 n.5 (4th Cir. 2002).

"Because the *Rooker-Feldman* doctrine is jurisdictional, [the court is] obliged to address it before proceeding further in our analysis." *Dunlap,* 290 F.3d at 196. While the *Rooker-Feldman* doctrine ordinarily bars direct review in the lower federal courts of a decision reached by the highest state court, the Fourth Circuit has viewed "the doctrine to also preclude review of adjudications by lower state courts as well." *Id.* (citing *ASARCO, Inc. v. Kadish,* 490 U.S. 605, 622 (1989); *Jordahl,* 122 F.3d at 199.

Here, as the Magistrate concluded, Plaintiffs' complaint, claiming a right to damages for alleged RESPA violations, does not alter the fact that Plaintiff is attempting to have this court review the state court adjudication of their issues with Defendants, and this court is barred from acting in such a manner. *See, eg., GASH Associates v. Village of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993) ("[T]he *Rooker-Feldman* doctrine bar[s] the litigation, because the plaintiff's injury stem[s] from the state judgment-an erroneous judgment, perhaps, entered after procedures said to be unconstitutional, but a judgment nonetheless."). As the Magistrate found, because the allegations of RESPA violations contained in the complaint against the Defendants were clearly "inextricably intertwined with the state court[s'] grant or denial of relief," *Rooker-Feldman* precludes the court's consideration of these issues. *See Shooting Point, L.L.C. v. Cumming*, 368 F.3d 379, 382 (4th Cir. 2004) ("The *Rooker-Feldman* bar extends not only to those issues actually decided by a state court but also to those that are inextricably intertwined with questions ruled upon by a state court."). In other words, to rule in favor of Plaintiffs on their RESPA claims would require the court to overrule, or find invalid, the rulings made during the state court proceedings, and such a result is prohibited under the *Rooker-Feldman* doctrine. *See Gorzelanczyk v. Baldassone*, 29 Fed. Appx. 402, 2002 WL 378174, *1 (7th Cir. 2002)) ("[H]ad

4

the district court determined that the state court ordered Gorzelanczyk to pay child support without due process of law, the result would have been to declare the child support order . . . invalid as unconstitutionally obtained. That is precisely what *Rooker-Feldman* forbids."). Plaintiffs do not raise any objection sufficient to overcome the *Rooker-Feldman* doctrine's bar of their claims. Accordingly, the court dismisses Plaintiffs' action.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' action is **DISMISSED** without prejudice.

**AND IT IS SO ORDERED.**

S/PATRICK MICHAEL DUFFY
PATRICK MICHAEL DUFFY
UNITED STATES DISTRICT JUDGE

**Charleston, South Carolina**
**June 13, 2005**